Dillon, J.
This is an action for damages on behalf of the next of kin of decedent who, it is - alleged, has suffered by reason of the negligence of the defendant in the operation of an interurban railway.
The answer of the defendant is divided into three parts. The first' defense is a general denial of negligence. Second, this is followed, though not numbered as a defense, by a statement that the injury and death was caused by the fault and negligence of the decedent himself.
This last defense is unnecessary, although it is not prejudicial and need not be stricken out. Under a general denial of negligence the burden is upon the plaintiff to prove the injury to have been caused substantially in the manner as charged, and by general denial that burden does not shift, and, therefore, if it were caused in any other way, that is to say, caused by some third person or caused by the sole negligence of the decedent himself, those facts may be shown under a general denial. The defendant, then, under the head of second defense, say's that if it should appear at the trial of this cause that the defendant had been guilty of negligence in the manner charged in the petition, the decedent himself was guilty of negligence, directly contributing to said injury and death in this, to-wit, that without exercising care to avoid a collision, he walked directly against the ear of the defendant. • i i ' "
To this answer the plaintiff interposes several motions; first, to strike out the statement above referred to that the injury was caused by the sole negligence of the decedent, but which, as the court has above remarked, is not prejudicial and is not of sufficient importance to warrant a new pleading. The plaintiff further moves to strike out the entire second defense on the ground that it is a sham pleading and inconsistent with the first *47 defense. The theory of this motion is that the two defenses are inconsistent with each other, and that both can not be true. This premise must be granted in so far as the pleading is concerned, for' it is manifest that if a defendant be not negligent, contributory negligence is an impossibility.
The question is interesting and is one which of late has been causing considerable confusion to the bar of the state. This confusion was not aided any by the decision found in 73 O. S., 1, but in construing pleadings, we must remember they are solely to advise the respective opponents of the evidence which may be adduced. While it has often been remarked, yet it is not literally true, that the jury trying the case must arrive at and declare the truth in that case. Verdicts are based upon probabilities, and a litigant is always subject to the disaster of not having the truth ascertained and declared by reason of misfortune in reference to his own evidence or error in respect to his opponent’s evidence. It would, therefore, be highly inequitable on matters like the one at bar, involving an accident which suddenly occurs, and especially in the absence of the parties actually sued, to say that such parties must at their own peril determine in advance just what the jury will find to be the greater weight of the evidénee, i. a., the probabilities in the case,
Men differ as to the standard of care which shall govern one in his conduct. Juries so differ and courts so differ. How farcical, therefore, and impracticable, for courts in the niceties of pleading to hold that a man must know in advance and thus place a lawsuit somewhat upon the plane of a legal game. Personally, I have always been of the opinion that under a mere general denial, if the facts as developed at the trial show contributory negligence, that it is the duty of the court in the administration of justice to so charge the jury and to give to the jury the law with respect thereto. This view I think is sustained by considering that since the plaintiff must recover upon the ground stated in his petition, if it appear that the injury was caused in some other way, he can not recover, because the burden on him can not possibly shift. If, therefore, an injury is caused not by the negligence of the defendant but in some other way, to-wit, by the negligence of two persons, the plaintiff and the defendant, it is no different *48 than if it had been caused by the negligence of some third person who is not a party to the suit. It certainly can not be the policy of the law to deny to a defendant the right to show and prove contributory negligence unless he will first admit his own negligence.
Compare the alternative pleading here with the one involved in the case of Citizens’ Bank v. Closson, 29 O. S., 78, where the action is upon a promissory note. The defenses were, first, a general denial of ever having executed the note, and, second, that if it should be determined that the signature to the note was genuine, it was obtained by fraud, and further that there was no valid consideration therefor. Affirming a reversal of the common pleas court, the Supreme Court holds the defendant had a right to insist upon these grounds of defense, and that it was error for the trial court to compel him to elect upon which he should rely, and on page 81, the court says:
“Taken together, the two defenses amount to this: That'the defendant is ignorant'whether he signed the note or not; he does not believe he signed it, and therefore denies it; and that, if he did sign it, his signature was obtained by fraud, and without consideration. * * * It certainly is not consistent with the spirit and intention of the code that a party having one or the other of two good defenses, without the means of knowing, otherwise than from the developments to be made upon the trial, which of the two, in fact or in law, is his true defense, shall, at his peril, be compelled to elect in advance on which he will rely, to the exclusion of the other. When, from the nature of the case, it is rendered uncertain which of two grounds of defense is the true and proper one, it is competent for the defendant, in his answer, to set them both up, provided they will admit of being stated in such form, that the answer can be sworn to without falsehood, and in good faith.”
The motions to the answer will be overruled.